UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

ERIC J. SCOTT,                              )
                                            )
              Plaintiff,      )
                                            )
vs.                                         )  **Case No.: 08 C 50091**
                                            )
THE CITY OF ROCKFORD, a Municipal           )
Corporation, OFFICER ROSEMARY MATHEWS, )
individually, OFFICER DANIEL BASILE,        )
individually, OFFICER JOSHUA GROVER,        )
individually, OFFICER PAUL GALLAGHER,       )
individually, and OFFICER JUAN TAPIA,       )
individually,                               )
                                            )
              Defendants.     )

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, CITY OF ROCKFORD, OFFICERS ROSEMARY MATHEWS, DANIEL BASILE, JOSHUA GROVER, PAUL GALLAGHER, JUAN TAPIA by and through their attorneys CITY OF ROCKFORD DEPARTMENT OF LAW, Patrick W. Hayes, Legal Director, and Angela L. Hammer, Assistant City Attorney, and for their Motion for Summary Judgment pursuant to Rule 56(b) state as follows:

**PROCEDURAL HISTORY**

1.      On June 2, 2008, Plaintiff filed his Complaint.

2.      On _____, Defendants filed their Answer.

3.      After extensive discovery, Defendants file this Motion for Summary Judgment.

4.      Plaintiff has agreed to dismiss Defendants Rosemary Mathews and Paul Gallagher.

## ALLEGATIONS IN PLAINTIFF'S COMPLAINT

5. Plaintiff claims he was stopped, detained and subsequently charged with Disobeying a Traffic Signal, Illegal Squealing of Tires, Driving Under the Influence of Alcohol, Fleeing to Elude and Resisting Arrest on May 25, 2007, by the individual Defendants.

6. Plaintiff alleges the individual Defendants, without provocation or just cause, did undertake one or more of the following wrongful acts while Plaintiff was in their seizure, care or custody in intentional and reckless disregard of Plaintiff's constitutional rights:

   a) Threw Plaintiff to the ground and slammed his head into the pavement; and/or,

   b) Used a knee to force Plaintiff's head down into the ground.

7. Plaintiff claims as a direct and proximate result of the alleged wrongful conduct of the Defendants, the Plaintiff had damage to and suffered injuries of the head, face, and more specifically, cuts and abrasions, as well as a broken nose and fractured skull. Plaintiff claims he incurred severe physical pain and suffering.

8. Plaintiff claims by reason of the foregoing wrongful conduct of the Defendants, he has been deprived of his liberty, health, and property as aforesaid without due process or equal protection of law in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

## UNDISPUTED FACTS RELEVANT TO MOTION

9. Defendants incorporate by reference herein their Local Rule 56.1(a)(3) Statement of Facts filed with this Motion.

**BASIS OF MOTION**

10. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also,* Fed.R.Civ.P. 56(c).

11. A moving party must show that no reasonable fact-finder could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254 (1986); *Gleason v. Mesirow Fin., Inc.,* 118 F.3d 1134, 1139 (7th Cir.1997).

12. Facts must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn for the non-movant. *See Trentadue v. Redmon,* 619 F.3d 648, 652 (7th Cir.2010).

12. The party opposing a properly supported motion for summary judgment, however, may not defeat it simply by resting upon the allegations and denials of his or her pleadings, but must present affirmative evidence raising a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-7 (1986).

13. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson* at 247-8.

14. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson* at 248.

15. Where a party fails to present evidence on an element essential to his or her case and on which he or she would bear the burden of proof at trial, summary judgment is appropriate, as all other facts are rendered immaterial by the failure of proof. *Celotex 322-3*.

<u>Officers' use of force was reasonable</u>

16.     The force used to effect an arrest must be objectively "reasonable" under the Fourth Amendment. *Abdullahi v. City of Madison,* 423 F.3d 763, 768 (7th Cir.2005).

17.     To determine whether the force used to effect an arrest was reasonable the courts must engage in a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Morfin v. City of E. Chicago,* 349 F.3d 989, 1004 (7th Cir.2003) (quoting *Tennessee v. Garner,* 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)).

18.     Proper application of this balancing test "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 1004–05 (citing *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

19.     Moreover, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham,* 490 U.S. at 397. As stated in *Graham:*

> The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

20.     In sum, an officer's "use of force is unconstitutional if, 'judging from the totality of the circumstances at the time of the arrest, the officer used greater force than was reasonably necessary to make the arrest.' " *Payne v. Pauley,* 337 F.3d 767, 778 (quoting *Lester v. City of Chicago,* 830 F.2d 706, 713 (7th Cir.1987)).

21. The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Graham v. Connor,* 490 U.S. 386, 396 (1989).

22. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Johnson v. Glick,* 481 F.2d, 1028, 1033 (1973).

23. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Graham v. Connor,* at 396.

24. As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. See *Scott v. United States,* 436 U.S. 128, 137–139, 98 S.Ct. 1717, 1723–1724, 56 L.Ed.2d 168 (1978); see also *Terry v. Ohio, supra,* 392 U.S., at 21, 88 S.Ct., at 1879 (in analyzing the reasonableness of a particular search or seizure, "it is imperative that the facts be judged against an objective standard").

25. The dispositive question is whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an "objectively reasonable" manner. *See Graham v. Connor,* 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

26. The Supreme Court has directed lower courts to consider three factors in this inquiry: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat

to the safety of officers or others; and (3) whether the suspect is actively resisting arrest by flight. *Id.* at 396.

27. Plaintiff pled guilty to attempt to resist arrest. ***Defendants' Statement of Facts, paragraph 64.***

28. A person commits the offense of attempt when, with intent to commit a specific offense, he or she does any act that constitutes a substantial step toward the commission of that offense. 720 *ILCS* 5/8-4(a).

29. Under Illinois law, "[a] person who knowingly resists or obstructs the performance by one known to the person to be a peace officer or correctional institution employee of any authorized act within his official capacity commits a Class A misdemeanor." 720 *ILCS* 5/31-1.

30. Plaintiff's guilty plea establishes that Plaintiff acted in a way that constituted a substantial step toward the commission of resisting arrest, with intent to resist arrest.

31. According to the officers, Plaintiff was kicking and struggling while they attempted to handcuff him. ***Defendants' Statement of Facts, paragraphs 39-50.***

32. Therefore, Plaintiff was actively resisting arrest.

33. Even if the Court views the facts in the light most favorable to Plaintiff, at most Defendants aggressively took Plaintiff to the ground, and placed pressure on Plaintiff's jaw, upper back and upper leg while effectuating his arrest. ***Defendants' Statement of Facts, paragraph 29.***

34. The techniques used by the Defendants, namely, an arm-bar takedown and a head-pin were reasonable for an active resistor.

35. The actions of Officer Grover, Officer Basile, and Officer Tapia were objectively reasonable in light of the facts and circumstances that confronted them.

36. Therefore, Officer Grover, Officer Basile and Officer Tapia did not violate Plaintiff's constitutional rights and are entitled to summary judgment. If the individual officers are not liable, the City of Rockford is not liable.

## Qualified Immunity

37. The doctrine of qualified immunity shields from liability public officials who perform discretionary duties. *Belcher v. Norton,* 497 F.3d 742, 749 (7th Cir.2007).

38. Qualified immunity shields from liability police officers "who act in ways they reasonably believe to be lawful." *Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

39. The Supreme Court of the United States has articulated a two-part test for qualified immunity: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; (2) whether that constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

40. A plaintiff may discharge the burden of showing that the constitutional right was clearly established by showing that there is "a clearly analogous case establishing a right to be free from the specific conduct at issue" or that "the conduct is so egregious that no reasonable person could have believed that it would not violate clearly established rights." *Smith v. City of Chicago,* 242 F.3d 737, 742 (7th Cir.2001); *Saffell v. Crews,* 183 F.3d 655, 658 (7th Cir.1999).

41. Assuming *arguendo* this Court finds the Defendants violated a constitutional right, it was not clearly established at the time of the arrest that the techniques used by the officers violated that constitutional right.

42. Even where a plaintiff can show that an officer's use of force was objectively unreasonable, qualified immunity affords the officer an additional layer of protection. *See Saucier,* 533 U.S. at 205, 121 S.Ct. 2151.

43. While the substantive constitutional standard protects officers' reasonable factual mistakes, qualified immunity protects them from liability where they reasonably misjudge the legal standard. *See* Barbara E. Armacost, *Qualified Immunity: Ignorance Excused,* 51 Vand. L.Rev. 583, 650–51 (1998).

44. If there is a legitimate question as to the existence of the right at issue, then qualified immunity attaches. *Mitchell v. Forsyth,* 472 U.S. 511, 535 n. 12 (1985).

45. "Although it is not necessary that a prior case address the precise factual situation confronting the officer, the unlawfulness of the officer's action should be clear in light of pre-existing law." *Estate of Starks v. Enyart,* 5 F.3d 230, 233 (7th Cir.1993)

46. In *Smith v. Ball State University*, officers were dispatched to investigate a possible drunk driver. Upon arrival, officers asked the driver to exit the vehicle, but the driver was unresponsive. One of the officers used a "straight arm bar" and extracted plaintiff from his car. A third officer arrived at the scene and believed the plaintiff was struggling with the two officers. The third officer attempted to apply a knee strike to plaintiff, but slipped and tackled the plaintiff to the ground. The three officers then held plaintiff's face to the ground and handcuffed him. It was later learned that plaintiff was in diabetic shock. *Smith v. Ball State University*, 295 F.3d 763 (7th Cir. 2002).

47. The Seventh Circuit affirmed the District Court's decision granting summary judgment to the officers. The Seventh Circuit found that the officers were justified in using the "straight arm bar" to remove plaintiff from his vehicle and that the officer's attempt to apply a knee strike - failed as it may have been – did not violate the Fourth Amendment. *Id.* at 770-771.

48. The force that Plaintiff alleges was used to effectuate his arrest is minimal considering he was an active resistor.

49. In these circumstances, a reasonable police officer certainly could have believed that the limited force applied was proper and was not unconstitutionally excessive in light of clearly established law.

50. Moreover, the limited force applied here was not "so plainly excessive" that the Defendants should have known, even in the absence of a closely analogous case, that they were violating Plaintiff's constitutional rights. *Rice v. Burks,* 999 F.2d 1172, 1174 (7th Cir.1993) (plaintiff can evade application of qualified immunity without identifying closely analogous case if force plainly excessive).

51. Therefore, Officer Grover, Officer Basile and Officer Tapia are entitled to qualified immunity. If the individual defendants are not liable, the City of Rockford is not liable.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request this Court grant their Motion for Summary Judgment.

Dated: February 23, 2012							City of Rockford Department of Law


									By:  /s/ Angela L. Hammer
									Angela L. Hammer, Assistant City Attorney

City of Rockford Department of Law
425 E. State Street
Rockford, Illinois  61104
(815) 987-5540