UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 08 C 50091 |
| | ) | |
| THE CITY OF ROCKFORD, | ) | |
| a municipal corporation; OFFICER ROSEMARY | ) | |
| MATTHEWS, individually; OFFICER DANIEL | ) | |
| BASILE, individually; OFFICER JOSHUA | ) | |
| GROVER, individually; OFFICER PAUL | ) | |
| GALLAGHER, individually; and OFFICER JUAN | ) | |
| TAPIA, individually, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES, the Plaintiff Martha Van Ostran by and through her Attorney Rene Hernandez and the Law Office of Rene Hernandez, P.C., and responding to Defendant's Motion for Summary Judgment and states as follows:

1. The Plaintiff denies the City of Rockford and the Individual Officers involved can get this matter disposed of in summary judgment. Plaintiff agrees that Officer's Rosemary Mathews and Paul Gallagher should be properly dismissed.

2. The Plaintiff has asserted 28 specific denials of fact. The evidence shows the Plaintiff's evidence requires a finder of fact to determine this matter.

3. The Defendant's here could not possibly believe the beating they inflicted on the Plaintiff could ever be construed as constitutional, legal or not a violation of both state and federal statutes.

4. The Defendant's have correctly quoted numerous passages from case law but it makes no difference for them as they can not avail themselves to it.

5. The basis is clear: 1. The Plaintiff states he was driving down State Street after leaving Taco Bell; 2. That her was approached by an unknown male in the street which caused him to make a left hand turn on to North Alpine; 3. He then made a eastbound turn on Raven and traveled a short distance where he stopped; 4. He got of his car and surrendered to the police with his hands in the air; 5. Officer Grover in response grabbed his head and neck and drove his face and head in to the street; 6.

Plaintiff offered no resistance; 7. Officer Grover committed a battery at this point; 8. No reasonable officer could believe this conduct was legal, constitutional or in compliance with the law; 9. IN addition to Defendant Grover, the other named Defendant's Basile and Tapia then proceeded to beat the Plaintiff after he was handcuffed; 10. The Defendant's admit they battered the Plaintiff although their version has the Plaintiff resisting arrest; The Defendant's broke the Plaintiff's nose, fractured his eye orbit and caused abrasions to Plaintiff's head and face; 11. The Plaintiff only pled to one count of undefined attempted resisting; 12. That means he took a substantial step to resist but that is undefined as to which point in the beating that took place; 13. The Defendant's have failed to show at what point the attempted resisting took place; 14. Plaintiff states he took a step to resist because of the beating he was taking.

6. The Defendant's have failed to show there are no genuine issues of fact to be tried by a jury. Here there are many different key issues: Did the Officer Grover have to chase the Plaintiff when he got of his car as he asserts? Or did the Plaintiff surrender with hands in the air offering no resistance? Did Officer Grover commit a battery on the Plaintiff when he drove his head and face into the concrete or asphalt? Did the Officer's immediately handcuff the Plaintiff as Plaintiff asserts or did they have to beat him into compliance as they assert?

7. Based on the evidence produced here there is no option but to let a jury decide the fate of this case.

8. Also, it should be noted that Defendant Grover states the Plaintiff was in the process of running away when he got of his car on Raven Street. That is in direct contradiction to the undisputed evidence that the Plaintiff was walking with a crutch and was scheduled for surgery that week. Surgery that was postponed because the Plaintiff had to heal before they could operate on his knee. That means Defendant Grover's claims are false at best and a cover up to justify his unlawful conduct.

9. None of the Officer's are entitled to qualified immunity as no reasonable officer would believe pummeling an unarmed non-resisting suspect into the ground was constitutional at any point. Or a handcuffed suspect on the ground.

10. Based on Plaintiff's version of the events of May 25, 2007, the Defendant's did not misjudge a thing. They intentional beat the Plaintiff after Officer Grover battered him with his hands handcuffed.

11. Defendant's allegations as to technique is plain nonsense. If the Plaintiff's version of events are believed these Defendant's should not only be liable for Plaintiff's injuries, pain and suffering but terminated and prosecuted for their crimes against the Plaintiff and society.

12. The Plaintiff was seized by the conduct alleged here and the excessive force claims arising out of arrests, investigatory stops, or other seizures of "free citizens" are

properly analyzed under the Fourth Amendment's objective reasonableness standard. Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865 (1989). That reasonableness is to be determined by the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Id.

13. The Plaintiff's facts as shown by his deposition, affidavit and exhibits demonstrate that he meets the qualified immunity burden set forth by *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001), in that he has shown facts taken in the light most favorable to him, demonstrate the defendants violated a constitutional right-a Fourth Amendment right to be free from excessive force by government agents. Here, the Defendant's cannot seriously claim the conduct alleged is not an obvious constitutional violation.

14. The Plaintiff has shown that the conduct alleged demonstrates that no reasonable officer would have believed the beating and pummeling the Defendant's inflicted on the Plaintiff was lawful, necessary or even warranted. The law was and is clear on the conduct by the Defendant's at the time of the violations. In Headwaters Forest Defense v. County of Humbolt, 276 F.3d 1125, 1129-31 (9th Cir. 2002) the Ninth Circuit after being reversed and remanded by the Supreme Court to apply *Saucier,* determined that officers who applied pepper spray to the eyes and faces of nonviolent protestors were not entitled to qualified immunity because "[t]he law regarding a police officer's use of force against a passive individual was sufficiently clear at the time of the events at issue in this case." The same applies to the facts alleged here, a passive surrendering suspect who is then driven into the concrete head first, handcuffed and then beaten. It is clear the conduct alleged is both unlawful and criminal. Accordingly, the Defendant's cannot avail themselves to qualified immunity.

15. The Plaintiff respectfully requests this Honorable Court deny Defendant's Motion in its entirety.

WHEREFORE, the Plaintiff prays this Honorable Court deny Defendant's Motion for Summary Judgment in its entirety and set this matter for preparation of the Final Pre-Trial Order and trial.

    Respectfully submitted,
    Eric Scott, Plaintiff

    By:/s/ Rene Hernandez
    Rene Hernandez
    Law Office of Rene Hernandez, P.C.
    1625 East State Street
    Rockford, Illinois 61104
    (815) 387-0261