UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ERIC J. SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 08 C 50091 |
| | ) |
| THE CITY OF ROCKFORD, a Municipal | ) |
| Corporation, OFFICER DANIEL BASILE, | ) |
| individually, OFFICER JOSHUA GROVER, | ) |
| individually, and OFFICER JUAN TAPIA, | ) |
| individually, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY TO MOTION FOR SUMMARY JUDGMENT

NOW COME the Defendants, CITY OF ROCKFORD, OFFICER DANIEL BASILE, OFFICER JOSHUA GROVER, and OFFICER JUAN TAPIA, by and through their attorneys City of Rockford Department of Law, Patrick W. Hayes, Legal Director, and Angela L. Hammer, Assistant City Attorney, and for their Reply to Motion for Summary Judgment pursuant to Rule 56(b) state as follows:

1. The party opposing a properly supported motion for summary judgment, however, may not defeat it simply by resting upon the allegations and denials of his or her pleadings, but must present affirmative evidence raising a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-7 (1986).

2. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson* at 247-8.

3. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson* at 248.

4. Where a party fails to present evidence on an element essential to his or her case

and on which he or she would bear the burden of proof at trial, summary judgment is appropriate, as all other facts are rendered immaterial by the failure of proof. *Celotex 322-3*.

5. In his Response, Plaintiff claims there are genuine issues of material facts that preclude summary judgment. However, the factual disputes Plaintiff cites do not rise to genuine issues of material facts.

6. Plaintiff claims a jury should decide if Officer Grover had to chase the Plaintiff when he got out of his car. ***Plaintiff's Response to Summary Judgment, ¶6.***

7. Plaintiff's contention that Officer Grover's claims are false is erroneous. Officer Grover never testified he had to "chase" Plaintiff. Officer Grover testified he observed Plaintiff get out of the vehicle, stand up and start to walk from the vehicle. Officer Grover testified the Plaintiff was approximately four or five steps from the vehicle when Officer Grover made contact with him. ***Defendants' Local Rule 56.1(a)(3) Statement, ¶28, 29. Deposition of Officer Grover, p. 17.***

8. Next Plaintiff claims a jury should decide if the Plaintiff surrendered with hands in the air offering no resistance. ***Plaintiff's Response to Summary Judgment, ¶6.***

9. Plaintiff's claim that he offered no resistance is inconsistent with his guilty plea to Attempt to Resist Arrest and to paragraph 9 of Plaintiff's Affidavit. Plaintiff claims the "only act of resisting" he did was to "defend myself." ***Defendants' Local Rule 56.1(a)(3) Statement ¶ 64, Exhibit A to Defendants' Local Rule 56.1(a)(3) Statement, and Deposition of Plaintiff, p. 26-30. Plaintiff's Affidavit, ¶9.***

10. However, under Illinois law, when it otherwise would be a violation of law to resist an arrest by a police officer, even an unlawful one, an individual has the right of self-defense when an officer is using excessive force. *See* 720 *ILCS* 5/7–1 and *People v. Williams*, 267 Ill.App.3d 82, 203 Ill.Dec. 831, 640 N.E.2d 981, 985–86 (1994). Self defense against excessive force does not constitute resisting arrest. Therefore, Plaintiff's assertion in paragraph

9 of his Affidavit is contradictory to his guilty plea to the Attempt to Resist Arrest charge and should be stricken.

11. Plaintiff asserts a jury should decide if Officer Grover committed a battery on the Plaintiff when he drove his head and face into the concrete or asphalt. *Plaintiff's Response to Summary Judgment, ¶6, Plaintiff's Affidavit, ¶6.*

12. Again, paragraph 6 of Plaintiff's Affidavit is inconsistent with his own testimony and should be stricken. Plaintiff testified he was "taken down aggressively" as an officer grabbed his hands. Plaintiff testified he hit his face on the concrete. *Deposition of Plaintiff, p. 26.* Plaintiff was asked what he meant by "taken down aggressively" and Plaintiff never testified that his head and face were driven into the ground. *Deposition of Plaintiff, p. 26.* Officer Grover testified he used an armbar takedown since Plaintiff did not respond to his verbal commands and continued to pull away. *Deposition of Officer Grover, p. 22.*

13. Lastly, Plaintiff asserts a jury should decide if the officers immediately handcuffed the Plaintiff or if they "beat him into compliance." *Plaintiff's Response to Summary Judgment, ¶6.*

14. In paragraph 8 of Plaintiff's Affidavit, he claims officers began to strike him while he was on the ground. *Plaintiff's Affidavit, ¶8.*

15. Plaintiff never testified he was "beat" or "struck." He testified he was "taken down aggressively" to the concrete and he felt the pressure of a knee on his jaw, the pressure of a knee on the upper portion of one of his legs and the pressure of a knee on his upper back. *Deposition of Plaintiff, p. 26.*

16. Feeling the pressure of a knee is very different than being beat or struck. The placement of a knee on an individual is consistent with attempting to restrain an active resistor.

17. Furthermore, despite Plaintiff's affidavit claiming that he was beaten, the testimony is uncontroverted that the Plaintiff did not request medical attention at the scene. ***Deposition of Plaintiff, p. 31.***

18. The Seventh Circuit has repeatedly held that self-serving affidavits without factual support in the record will not defeat a motion for summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir.2001). Affidavits signed under oath "when offered to contradict the affiant's deposition are so lacking in credibility as to be entitled to zero weight in summary judgment proceedings unless the affiant gives a plausible explanation for the discrepancy." *Beckel v. Wal–Mart Assocs.,* 301 F.3d 621, 623 (7th Cir.2002).

19. Plaintiff's self-serving affidavit is a failed attempt to raise a genuine issue of material fact.

Officers' use of force was reasonable

20. The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. *See Graham v. Connor,* 490 U.S. 386, 396 (1989).

21. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. *Johnson v. Glick,* 481 F.2d, 1028, 1033 (1973).

22. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. *Graham v. Connor,* at 396.

23. As in other Fourth Amendment contexts, however, the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. See *Scott v. United States,* 436 U.S. 128, 137–139, 98 S.Ct. 1717, 1723–1724, 56 L.Ed.2d 168 (1978); see also *Terry v. Ohio, supra,* 392 U.S., at 21, 88 S.Ct., at 1879 (in analyzing the reasonableness of a particular search or seizure, "it is imperative that the facts be judged against an objective standard").

24. The dispositive question is whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an "objectively reasonable" manner. *See Graham v. Connor,* 490 U.S. 386, 396-97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

25. Plaintiff pled guilty to attempt to resist arrest. ***Defendants' Statement of Facts, paragraphs 39-50.***

26. Plaintiff's guilty plea establishes that Plaintiff acted in a way that constituted a substantial step toward the commission of resisting arrest, with intent to resist arrest.

27. According to the officers, Plaintiff was kicking and struggling while they attempted to handcuff him. ***Defendants' Statement of Facts, paragraphs 39-50.***

28. Based on the officers' testimony and Plaintiff's guilty plea to Attempt to Resist Arrest, it is clear that Plaintiff was actively resisting arrest.

29. Even if the Court views the facts in the light most favorable to Plaintiff, at most Defendants aggressively took Plaintiff to the ground, and placed pressure on Plaintiff's jaw, upper back and upper leg while effectuating his arrest. ***Defendants' Statement of Facts, paragraph 29.***

30. The techniques used by the Defendants, namely, an arm-bar takedown and a head-pin were reasonable for an active resistor.

31. The actions of Officer Grover, Officer Basile, and Officer Tapia were objectively reasonable in light of the facts and circumstances that confronted them.

32. Therefore, Officer Grover, Officer Basile and Officer Tapia did not violate Plaintiff's constitutional rights and are entitled to summary judgment. If the individual officers are not liable, the City of Rockford is not liable.

Qualified Immunity

33. Qualified immunity shields from liability police officers "who act in ways they reasonably believe to be lawful." *Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

34. Assuming *arguendo* this Court finds the Defendants violated a constitutional right, it was not clearly established at the time of the arrest that the techniques used by the officers violated that constitutional right.

35. While Plaintiff concludes that no reasonable officer would believe pummeling an unarmed non-resisting subject into the ground was constitutional, there is no evidence in the record to support Plaintiff's assertion that he was pummeled. ***Plaintiff's Response to Summary Judgment, ¶9.***

36. Furthermore, the uncontroverted evidence in the record contradicts Plaintiff's assertion that he was non-resisting. ***Defendants' Statement of Facts, paragraph 64, and Exhibit A.***

37. The Ninth Circuit case cited in Plaintiff's Response is inapplicable here because the decision involved passive individuals as opposed to an active resistor. *Headwaters Forest*

*Defense v. County of Humbolt*, 276 F.3d 1125 (9th Cir. 2002). By Plaintiff's own admission, he was an active resistor. ***Defendants' Statement of Facts, paragraph 64, and Exhibit A.***

38. The Seventh Circuit found that the officers were justified in using the "straight arm bar" to remove plaintiff from his vehicle and that the officer's attempt to apply a knee strike - failed as it may have been – did not violate the Fourth Amendment. *Smith v. Ball State University*, 295 F.3d 763, 770-771 (7th Cir. 2002).

39. The force that Plaintiff alleges was used to effectuate his arrest is minimal considering he was an active resistor.

40. In these circumstances, a reasonable police officer certainly could have believed that the limited force applied was proper and was not unconstitutionally excessive in light of clearly established law.

41. Moreover, the limited force applied here was not "so plainly excessive" that the Defendants should have known, even in the absence of a closely analogous case, that they were violating Plaintiff's constitutional rights. *Rice v. Burks,* 999 F.2d 1172, 1174 (7th Cir.1993) (plaintiff can evade application of qualified immunity without identifying closely analogous case if force plainly excessive).

42. Therefore, Officer Grover, Officer Basile and Officer Tapia are entitled to qualified immunity. If the individual defendants are not liable, the City of Rockford is not liable.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request this Court grant their Motion for Summary Judgment.

Dated: May 9, 2012	City of Rockford Department of Law


	By:  /s/ Angela L. Hammer
	Angela L. Hammer, Assistant City Attorney

City of Rockford Department of Law
425 E. State Street
Rockford, Illinois  61104
(815) 987-5540