# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

ERIC J. SCOTT, )
 )
                Plaintiff, )
 )
vs. ) **Case No.: 08 C 50091**
 )
THE CITY OF ROCKFORD, a municipal )
Corporation, OFFICER DANIEL BASILE, )
individually, OFFICER JOSHUA GROVER, )
individually, and OFFICER JUAN TAPIA, )
individually, )
 )
                Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## LOCAL RULE 56.1(b)(3)(C) STATEMENT

NOW COME the Defendants, CITY OF ROCKFORD, OFFICERS ROSEMARY MATHEWS, DANIEL BASILE, JOSHUA GROVER, PAUL GALLAGHER, and JUAN TAPIA, by and through their attorneys, City of Rockford Department of Law, Patrick W. Hayes, Legal Director, and Angela L. Hammer, Assistant City Attorney and for their Response To Plaintiff's Local Rule 56.1(b)(3)(C) Statement, states the following:

65. After leaving State Street Station the Plaintiff went to Taco Bell and got on to State Street from there. *See Scott Affidavit ¶ 3. Deposition of Plaintiff, p. 41.*

Response: Admit Plaintiff testified he went to Taco Bell.

66. While at the intersection of State and Alpine, the Plaintiff saw a man get out of his car and approach his. *Scott Affidavit ¶ 4.*

Response: Deny. Plaintiff testified he saw a man get "partially out of the car" and drove through the red light. *Deposition of Plaintiff, p. 25*.

67. Plaintiff went through the red light on to Alpine heading north because of an unknown man approaching his car in the intersection. *Id.*

Response: Deny. Plaintiff testified he saw a man get "partially out of the car" and drove through the red light. *Deposition of Plaintiff, p. 25*.

68. Once the Plaintiff was on Alpine he noticed lights behind him. *Scott Affidavit ¶5*.

Response: Admit the Plaintiff testified he saw red and blue lights in the grill of the car behind him after he disobeyed the red light at the intersection of Alpine and E. State St.

69. Plaintiff immediately turned east on to Raven from Alpine. *Id.*

Response: Admit.

70. Plaintiff stopped his car in the middle of the block of Raven before Alder Street. *Scott Affidavit ¶5*.

Response: Admit Plaintiff stopped just west of Alder.

71. Once he stopped his car, he stated to the officers "I didn't know you guys were cops." *Scott Affidavit ¶6*.

Response: Deny. Based on Plaintiff's own testimony, he observed red and blue emergency lights on the unmarked squadcar. *Deposition of Plaintiff, p. 25-26*.

72. The Plaintiff got out of his car and surrendered completely by putting his arms up in the air and offered no resistance. *Id.*

Response: Deny. Officer Grover saw Plaintiff's driver's side front door open. Officer Grover observed Plaintiff get out of the vehicle, stand up and start to walk from the vehicle. *Deposition of Officer Grover, p. 15*.

73. Officer Grover would grab the Plaintiff by his neck and head and drive his face and head into the concrete or asphalt. *Id.*

Response: Deny. Officer Grover used an armbar takedown since Plaintiff did not respond to his verbal commands and continued to pull away. *Deposition of Officer Grover, p. 22.* Plaintiff claims he was "taken down aggressively" as an officer grabbed his hand. Plaintiff claims he hit his face on the concrete. *Deposition of Plaintiff, p. 26.* Plaintiff's testimony contradicts ¶73.

74. Officer Grover broke Plaintiff's nose, fractured his eye orbit and caused abrasions over his face. *Scott Affidavit ¶6 and Exhibit B.*

Response: Deny that the injuries were caused by Officer Grover's actions.

75. Plaintiff could not run or even walk fast at the time of his arrest as he was suffering from a knee injury and using a crutch at the time. *Scott Affidavit ¶7. Deposition of Plaintiff p. 55-56.*

Response: Deny. Officer Grover observed Plaintiff get out of the vehicle, stand up and start to walk from the vehicle. Plaintiff was approximately four or five steps from his vehicle when Officer Grover made contact. *Deposition of Officer Grover, p.15.*

76. Once the Plaintiff was on the ground he was handcuffed immediately. *Scott Affidavit ¶8. Deposition of Plaintiff, p. 27-28.*

Response: Deny. *Defendants' Local Rule 56.1(a)(3) Statement ¶37-54.*

77. Once on the ground the Defendant's Glover, Basile and Tapia acted to beat the Plaintiff. *Defendant's Rule 56.1 Statement ¶34-50, 54, Scott Affidavit ¶8, Deposition of Plaintiff p.27-29.*

Response: Deny Plaintiff was "beat." Plaintiff never testified he was "beat." He testified he was "taken down aggressively" to the concrete and he felt the pressure of a knee on his jaw, the pressure of a knee on the upper portion of one of his legs and the pressure of a knee on his upper back. Feeling the pressure of a knee is very different than being beat or struck. Defendant's Rule 56.1 Statement is consistent with a reasonable amount of force used to effectuate the arrest of an active resistor.

78. The only act of resisting performed by the Plaintiff on May 25, 2007, was to defend himself from the beating that was being inflicted on him. *Scott Affidavit ¶9*.

Response: Deny. Plaintiff pled guilty to Attempt to Resist Arrest and paragraph 9 of his affidavit is inconsistent with his deposition testimony. An act of self-defense is not considered resisting arrest. *Defendants' Local Rule 56.1(a)(3) Statement ¶ 64, Exhibit A to Defendants' Local Rule 56.1(a)(3) Statement, and Deposition of Plaintiff, p. 26-30.*

79. Officer Grover has stated he had to chase the Plaintiff for a half a mile before the Plaintiff stopped on Raven. Deposition of Officer Grover, p. 21.

Response: Deny the implication that Plaintiff was chased on foot. Admit that Officer Grover testified he pursued Plaintiff's vehicle for a quarter-mile to a half-mile with emergency lights and siren activated before Plaintiff stopped his vehicle. *Deposition of Officer Grover, p. 14, 20-21.* Officer Grover was asked, "And how far is the intersection of Alder and Raven from Alpine?" Officer Grover replied, "It's a long block to the north and you're talking another block to the east, so you're probably between a quarter and a half-mile." *Deposition of Officer Grover, p. 21.*

80. Plaintiff's map of the location where he was stopped on Raven shows the distance to be less than a city block. *Scott Affidavit Ex. A.*

Response: Deny. The distance from the intersection of E. State Street and Alpine to Raven is at least one "city block" plus the distance Plaintiff traveled on Raven towards Alder. Plaintiff testified he turned on the "first street to the right, approximately a block and a half from the light I went through." *Deposition of Plaintiff, p. 26.*

City of Rockford Department of Law


By:___/s/ Angela L. Hammer_____
Angela L. Hammer, Assistant City Attorney



City of Rockford Department of Law
425 E. State Street
Rockford, IL 61104
(815) 987-5540